# EXHIBIT B

FILED
12/28/2020 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jennicca Williams DEPUTY
Christi Underwood DEPUTY

R. Eric López
Daniel Morales, LLM*

# R.E. LÓPEZ & MORALES

## ATTORNEYS AT LAW

Matthew Wright
Jennifer L. Cano
Kory Ringery
R. Matthew Graham®

* Board Certified in Personal Injury Trial Law
by the Texas Board of Legal Specialization

®Licensed in: TX, NM, CO & OK

December 27, 2020
DC-20-19047

***Via E-Filing***
Dallas County District Clerk
600 Commerce St., Suite 103
Dallas, TX 75202

RE:     IDIAN GONZALES V HOME DEPOT U.S.A., INC

Dear Sir or Madam:

Enclosed for filing please find Plaintiff's Original Petition with Attached Discovery Requests. Please file the original petition.

Please also issue a citation for service on Defendant:

**HOME DEPOT U.S.A., INC**, who can be served with process at **211 E. 7th Street, Suite 620, Austin, Texas 78701, OR WHEREVER HE MAY BE FOUND.**

Please eserve me with a copy of the requested citations to SERVICE@NORTHTXLAW.COM and we will have our local process server effectuate service.

Thank you in advance for your cooperation and attention to this matter and please do not hesitate to contact me if you have any questions or comments.

Very truly yours,
R. E. LÓPEZ & ASSOCIATES, P.C.

Daniel Morales

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:    **HOME DEPOT U.S.A., INC.,**
       **BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
       **DBA CSC-LAWYERS INCO**
       **211 E 7TH ST STE 620**
       **AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **IDIAN GONZALES**

Filed in said Court  **28th day of December, 2020** against

**HOME DEPOT U.S.A., INC.,**

For Suit, said suit being numbered **DC-20-19047,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND INTERROGATORIES AND PRODUCTION AND ADMISSSION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of January, 2021

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
        COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-20-19047**

**IDIAN GONZALES**
**vs.**
**HOME DEPOT U.S.A., INC.,**

ISSUED THIS
**4th day of January, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**DANIEL MORALES**
ATTN RE LOPEZ & ASSOCIATES PC
550 E 15TH ST STE 200
PLANO TX  75074
469-209-7727
Service@NorthTxLaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-20-19047

Court No.191st District Court

Style: IDIAN GONZALES

 vs.

HOME DEPOT U.S.A., INC.,

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
12/28/2020 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

CAUSE NO. **DC-20-19047**
_____

| | | |
|---|---|---|
| **IDIAN GONZALES,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | J-191 |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, IDIAN GONZALES, Plaintiff, complaining of and against HOME DEPOT U.S.A., INC., Defendant herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.2. Written discovery requests to HOME DEPOT U.S.A., INC. are set forth in section IX below. Responses to discovery requests are due **fifty (50) days** from the date Defendant, HOME DEPOT U.S.A., INC. is served with this Petition.

### II. PARTIES AND SERVICE

2.      Plaintiff, IDIAN GONZALES, currently resides in Dallas, Texas.

3.      Defendant, HOME DEPOT U.S.A., INC., is a foreign Corporation who may be served through its' registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. **Issuance of Citation is requested at this**

time.

## III. JURISDICTION

4.      This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court.  This action seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. This civil action does not exceed $74,999.99.  Plaintiff stipulates to damages of less than $74,999.99.

## IV. VENUE

5.      Venue is proper in Dallas County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the occurrence that is the subject of this suit occurred in Dallas County, Texas.

## V. FACTS

6.      On or about October 12, 2019, in Mesquite, Dallas County, Texas. Plaintiff, IDIAN GONZALES would respectfully show the court that she was a business invitee at a store owned/operated by the Defendant HOME DEPOT U.S.A., INC. located at 18855 Lyndon B Johnson Fwy., Mesquite, Dallas County, Texas.   While on the premises of the Defendant, Plaintiff slipped and fell on rocks in the kitchen area causing severe and incapacitating injury. Plaintiff states the hazard was not cleaned up in a timely manner and the Plaintiff was not warned of the dangerous condition that existed. Plaintiff alleges that Defendant was guilty of maintaining a dangerous premises and for failing to properly inspect the premises.   Plaintiff alleges further that Defendant failed to warn the Plaintiff of the dangerous condition on the premises. Defendant had actual and/or constructive notice of the dangerous condition.

7.      As a result of the Defendant's negligent conduct, Plaintiff suffered personal injuries and property.

8.     It was the Defendant, HOME DEPOT U.S.A., INC. negligence and negligence *per se*, which was the proximate cause of Plaintiffs' personal injuries and damages.

## VI. NEGLIGENCE OF DEFENDANT HOME DEPOT U.S.A., INC.

9.     The conduct of Defendant, HOME DEPOT U.S.A., INC., was the proximate causes of Plaintiff's personal injuries in that Defendant, HOME DEPOT U.S.A., INC.'s acts or omissions, constituted negligence in following acts of negligence, to wit:

    a.     failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

    b.     failing to keep the premises safe;

    c.     failing to warn the Plaintiff that a dangerous condition existed on the premises;

    d.     failing to adequately repair the dangerous condition that existed on the premises;

    e.     failing to inspect the premises prior to allowing customers and invitees on the premises.

10.     Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII. DAMAGES

11.     As a result of the negligent conduct of Defendant, HOME DEPOT U.S.A., INC., Plaintiff, IDIAN GONZALES, suffered injuries to various parts of her body.

12.     As a result of the injuries she sustained, Plaintiff, IDIAN GONZALES incurred reasonable and necessary doctor's and medical expenses for their necessary medical care and attention in excess of $25,000.00. There is also a probability Plaintiff will incur additional reasonable expenses for necessary medical care and attention in an amount unknown at this time.

13.     In addition Plaintiff suffered severe physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner well into the future, if not for the balance of her life.

14.     As a proximate result of the negligence of Defendant, HOME DEPOT U.S.A., INC. Plaintiff, suffered injuries to her body in general.  Plaintiffs' diminished ability to administer to her own needs and the needs of her family has been seriously impaired. In all probability, her ability to attend to customary household duties will continue to be so impaired well into the future, if not for the balance of her natural life.

### VIII. DISCOVERY REQUESTS

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, please identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.  "Defendant," "you," or "your" means HOME DEPOT U.S.A., INC., individually.

2.  "Plaintiff" means IDIAN GONZALES.

3.   "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5.  "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe," when referring to a person, means you must state the following:

   a. The full name.
   b. The present or last known residential address and residential telephone number.
   c. The present or last known office address and office telephone numbers.
   d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
   e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe," when referring to a document, means you must state the following:

   a. The nature (e.g. letter, handwritten note) of the document.
   b. The title or heading that appears on the document.
   c. The date of the document and the date of each addendum, supplement, or other addition or change.
   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or."  The word "or" means "or/and."

13. The word "vehicle" means a vehicle that is involved in motor vehicle accident that is the subject of this suit.

14. Accident," "incident," or "collision" means the motor vehicle collision that occurred on or about October 12, 2019, between plaintiff and defendant, forming the basis of this lawsuit

## Rule 194 REQUESTS FOR DISCLOSURE TO HOME DEPOT U.S.A., INC.

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a.   The correct names of the parties to the lawsuit;
  b.   The name, address and telephone number of any potential parties;
c.   The legal theories and, in general, the factual basis of the responding party's claims or defenses;
d.   The amount and method of calculating economic damages;
e.   The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
f.   For any testifying expert:
  (1)  The expert's name, address and phone number;
  (2)  The subject matter on which the expert will testify;
  (3)  The general substance of the expert's mental impressions and opinions and    brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
  (4)  If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
    a.   All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
    b.   The expert's current resume and bibliography
g.   Any discoverable indemnity and insuring agreements;
h.   Any discoverable settlement agreements;
i.   Any discoverable witness statements;
j.   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
k.   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.
l.   The name, address, and telephone number of any person who may be designated as a responsible third party.

## REQUEST FOR RULE 196.1 PRODUCTION

REQUEST NO. 1:  Produce a copy of any and all videotapes and/or photographs taken on October 12, 2019 and/or depicting the condition of the store within 24 hours of the alleged incident related to this lawsuit.  This request includes any surveillance films and/or videos taken on October 12, 2019.

REQUEST NO. 2:  Produce any and all incident reports created by employees, witnesses and/or parties relating to the fall involving the Plaintiff on your premises that occurred on October 12, 2019.

## PRAYER

**WHEREFORE**, Plaintiff will respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

a.  Actual damages, of medical bills in excess of $25,000.00 for IDIAN GONZALES, which are necessary and reasonable for these types of services in Dallas County, Texas; and for future medical attention in amounts unknown at this time;

b.  Monetary damages of $20,000.00 for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact for each Plaintiff;

c.  Monetary damages of $10,000.00 for future physical pain and suffering and mental anguish as found to be reasonable and just by the trier of fact for Plaintiff;

d.  Physical and wage impairment as determined by the trier of fact;

e.  Pre and post judgment interest at the maximum legal rate;

f.  Cost of Court;

g.  and for such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**R. E. LÓPEZ & MORALES**

550 East 15th Street, Suite 200
Plano, TX 75074
Ph. 469-209-7727
Fax 888-601-4934
**Service@NorthTxLaw.com**



By: _____

**Dan Morales**
State Bar No.: 24049056
**R. Eric Lopez**
State Bar No.: 24049894
**Jennifer Clayton**
State Bar No.: 24048395


ATTORNEYS FOR PLAINTIFF

FILED
2/18/2021 1:25 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Deondria Grant DEPUTY

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**  **HOME DEPOT U.S.A., INC.,**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**DBA CSC-LAWYERS INCO**
**211 E 7TH ST STE 620**
**AUSTIN TX 78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **191st District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **IDIAN GONZALES**

Filed in said Court  **28th day of December, 2020** against

**HOME DEPOT U.S.A., INC.,**

For Suit, said suit being numbered <u>**DC-20-19047,**</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND
INTERROGATORIES AND PRODUCTION AND ADMISSSION**, a copy of which accompanies this
citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of January, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-20-19047**

**IDIAN GONZALES**
vs.
**HOME DEPOT U.S.A., INC.,**

ISSUED THIS
**4th day of January, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**DANIEL MORALES**
ATTN RE LOPEZ & ASSOCIATES PC
550 E 15TH ST STE 200
PLANO TX 75074
469-209-7727
<u>Service@NorthTxLaw.com</u>

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-20-19047

Court No.191st District Court

Style: IDIAN GONZALES

vs.

HOME DEPOT U.S.A., INC.,

Came to hand on the _____ 5TH _____ day of _____ January _____, 20 _21_, at _7_ o'clock _A_ .M. Executed at _211 E. 7th Street, #620_ _Austin, TX 78701_

within the County of _Travis_ at _8:07_ o'clock _A_ .M. on the _8th_ day of _January_,

20 _21_, by delivering to the within named _Home Depot USA Inc by CMRRR # 7018_ _1130 0000 6067 4598_

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _75_ | _____ |
| For mileage | $ _0_ | of _____ County, |
| For Notary | $ _0_ | By _Nicoda Bork_ #8133 Deputy. |
| | | (Must be verified if served outside the State of Texas.) |

_Exp 2/28/22_

Signed and sworn to by the said _Heather Bork_ before me this _12_ day of _February_, 20 _21_,

to certify which witness my hand and seal of office.

_Jacqueline Rendon_

Notary Public _Dallas_ County _TX_



JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...

# USPS Tracking®

FAQs ›

### Track Another Package +

**Tracking Number:** 70181130000060674598

Remove ✕

Your item was picked up at a postal facility at 8:07 am on January 8, 2021 in AUSTIN, TX 78760.

## ⊘ Delivered

January 8, 2021 at 8:07 am
Delivered, Individual Picked Up at Postal Facility
AUSTIN, TX 78760

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**Product Information** ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 50698419
Status as of 2/18/2021 2:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DANIEL MORALES | | Service@Northtxlaw.com | 2/18/2021 1:25:26 PM | SENT |

FILED
2/26/2021 4:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

CAUSE NO. DC-20-19047                                    Martin Reyes

| | | |
|---|---|---|
| IDIAN GONZALES, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 191ST JUDICAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein) in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

## II.
## AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.      Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

4.      Defendant asserts the doctrine of comparative causation, which may bar any recovery by

Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7.      Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

10.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by

or on behalf of Plaintiff.

11.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

15.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding

and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:     /s/ *Troy D. Helling*
_____
**TROY D. HELLING**
State Bar No. 24007340
thelling@hpylaw.com
**AMY WELBORN**
State Bar No. 24012853
awelborn@hpylaw.com

4514 Cole Ave., Suite 500
Dallas, TX  75205
(214) 780-5100
(214) 780-5200 (Fax)

-AND-
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 26th day of February 2021.

Dan Morales
R. Eric Lopez
Jennifer Clayton
service@northtxlaw.com
R. E. LOPEZ & MORALES
550 East 15th Street, Suite 200
Plano, TX 75074

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anna Ortiz on behalf of Troy Helling
Bar No. 24007340
aortiz@hpylaw.com
Envelope ID: 50979890
Status as of 3/1/2021 8:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| DANIEL MORALES | | Service@Northtxlaw.com | 2/26/2021 4:15:42 PM | SENT |
| Katie Byland | | kbyland@hpylaw.com | 2/26/2021 4:15:42 PM | SENT |
| Anna Ortiz | | aortiz@hpylaw.com | 2/26/2021 4:15:42 PM | SENT |
| Amy C.Welborn | | awelborn@hpylaw.com | 2/26/2021 4:15:42 PM | SENT |

Associated Case Party: HOME DEPOT U.S.A., INC.,

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Troy D. Helling | | thelling@hpylaw.com | 2/26/2021 4:15:42 PM | SENT |