UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IDIAN GONZALES<br>　　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. 3:21-CV-0440-D |
| HOME DEPOT U.S.A., INC.<br>　　　Defendant. | §<br>§<br>§ | |

### DEFENDANTS HOME DEPOT U.S.A., INC.'S
### MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Home Depot U.S.A., Inc. ("Home Depot"), Defendant herein and files this No Evidence Motion for Summary Judgment. In support of its motion, Home Depot would show the Court as follows:

## I.  INTRODUCTION

Plaintiff Idian Gonzales sued Home Depot alleging that on June 25, 2020, as she was shopping at Home Depot, she fell. *See* Plaintiff's Petition. Plaintiff alleges through various negligence claims that Defendant knew or should have known of the dangerous condition and failed to adequately remedy this condition or warn the Plaintiff about it.

Defendant contends the evidence in this case establishes that there was no dangerous condition and if there was, the Defendant did not have actual or constructive knowledge of it. Additionally, Defendant points out that premises liability, not simple negligence, is the proper theory through which the Plaintiff must prove its case. This is because Texas law does not permit simple negligence claims where an injury is not directly caused by some contemporaneous activity. Finally, Defendant contends the evidence shows there is no proof that Defendant failed

1

to use ordinary care in protecting Plaintiff. Based on this, Defendant is entitled to summary judgment in this case.

## II. FACTS

1. Plaintiff fell at Home Depot store on June 25, 2020.[1]
2. Plaintiff was in the store to buy a refrigerator.[2]
3. Plaintiff fell in the area where the kitchen appliances were located.[3]
4. There were no Home Depot employees walking with Plaintiff at the time she fell.[4]
5. Plaintiff had not spoken to any Home Depot employees prior to falling.[5]
6. Plaintiff testified she did not see anything on the floor when she fell or while laying on the ground.[6]
7. Plaintiff did not see any water on the floor or anything else that caused her to fall.[7]
8. Plaintiff testified that she told a Home Depot employee that she "just fell."[8]
9. Plaintiff did not see any gravel, rocks, dirt or "anything" on the ground in the area where she fell.[9]
10. Plaintiff admitted that if there was something on the ground, she "didn't see it" and does not know how it got there.[10]
11. Plaintiff also stated that she has no knowledge that anyone from Home Depot saw anything on the floor in the area where she fell.[11]

---

[1] Exhibit A: Plaintiff's Deposition Testimony, p.5:21-25.
[2] *Id.* at p.34:16-18.
[3] *Id.* at p.34:19-23; 35:15-17.
[4] *Id.* at p.38:1-4.
[5] *Id.* at p.38:5-7.
[6] *Id.* at pp.44:21-45:3; p.74:7-10.
[7] *Id.* at p.45:8-14; 46:2-5; pp.73:23-74:2.
[8] *Id.* at p.45:20-25.
[9] *Id.* at p.91:9-15.
[10] *Id.* at p.92:4-8.
[11] *Id.* at p.92:9-19.

## III. ARGUMENTS AND AUTHORITIES

A summary judgment motion should be granted if "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Only a genuine dispute over a material fact will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir.2002).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. This burden is not satisfied by "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a

scintilla of evidence." *Little v. Liquie Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Federal Rule Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 324.

Plaintiff brings a negligence and premises liability claim against Home Depot. *See* Plaintiff's Original Petition. However, Plaintiff cannot make claims for both of these. Based off of Plaintiff's pleadings, Home Depot believes this is a Premise liability case but will address both premises liability and negligence.

### A. **Negligence vs. Premises Liability**

Plaintiff alleges that this is a negligence case. However, it is more likely a premises liability claim. The Texas Supreme Court has ruled that the damages cannot be caused by both a negligent act and a premises defect. The Court has distinguished between causes of action based on negligent activities and those based on premise defects. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

Although they are related, the theories are not interchangeable, and "a general-negligence submission cannot support the plaintiff's recovery in a premises liability case." *United Scaffolding, Inc. v. Levine*, 573 S.W.3d 463 (Tex. 2017), *reh'g denied* (Jan. 26, 2018). The negligence theory of liability for a customer-invitee applies only when the person was injured directly by or as a contemporaneous direct result of some activity on the premises. *See e.g., 4front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016) (claim of injury from fall from forklift while repairing electrical sign could not be brought on premises defect

theory because claim depended on negligent contemporaneous use of forklift, not any defect in forklift or premises). If the Plaintiff was injured by a condition created by the activity rather than by the activity itself, the plaintiff is limited to the premises defect theory of recovery. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472–473 (Tex. 2017) (when plaintiff fell from scaffolding assembled by defendant, claim was for premises liability only because it was undisputed that assembly was finished and fall resulted from condition of scaffolding after it was assembled, not activity of assembling it); *Reyes v. Brookshire Grocery Co.*, 578 S.W.3d 588, 592–593 (Tex. App.—Tyler 2019, no pet.) (summary judgment to grocery store on negligent activity claim properly granted because it was undisputed that all actions of store employees to clean up spill and prevent display case from further leaking were complete at time of slip-and-fall incident).

The Plaintiff alleges in her Petition that Home Depot negligently caused her injury by failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances; failing to keep the premises safe; failing to warn the Plaintiff that a dangerous condition existed on the premises; failing to adequately repair the dangerous condition that existed on the premises; and failing to inspect the premises prior to allowing customers and invitees on the premises. Home Depot vehemently denies all of these allegations, but even if taken as true the Plaintiff's fall would have been caused by a condition that resulted from the alleged activity, not from the alleged activity itself. As such, the only viable theory for her to bring a claim under is premises liability, not simple negligence.

**B. Premises Liability- There is No Evidence of any unreasonably dangerous condition or that Home Depot was aware of any unreasonably dangerous condition.**

In order to recover from Home Depot, Plaintiff must prove that:

(1) The condition that caused the injury posed an unreasonable risk of harm, and

(2) Home Depot knew or reasonably should have known of the danger, and

(3) Home Depot failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe and that such failure proximately caused plaintiff's injuries.

*See, Keetch*, 845 S.W.2d at 264 (Tex. 1992); *Dallas Market Center Development Co. v. Liedeker,* 958 S.W.2d 382, 385 (Tex. 1997), *overruled in part on other grounds by Torrington Co. v. Stutzman*, 46 S.W.3d 829, 840 (Tex. 2000).

Actual or constructive knowledge can be established in one of three ways:

(1) proof that employees caused the harmful condition;

(2) proof that employees either saw or were told of the harmful condition prior to the plaintiff's injury therefrom; or

(3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Keetch,* 845 S.W.2d at 264 (Tex. 1992).

Plaintiff's own testimony establishes that she has no evidence that there was gravel, debris, water or any other substance on the floor at the time she fell, nor that such would constitute an unreasonably dangerous condition if gravel or debris had been present.[12] Further, there is not even a scintilla of evidence that Home Depot had actual or constructive knowledge of a condition which posed an unreasonable risk of harm on the premises at the time Plaintiff was allegedly injured.[13] Specifically, there is no evidence that any of Home Depot employees saw or were notified about substance or any other hazard that could have caused the Plaintiff's fall. Additionally, there is no evidence as to how long any substance was on the floor. "Without some

---

[12] *Id.* at pp.44:21-45:3; p.74:7-10; p.91:9-15.
[13] *Id.* at p.92:9-19.

temporal evidence, there is no basis upon which the fact-finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, *3 (Tex. 2002) (holding that evidence of how long an unreasonably dangerous condition had existed was required before knowledge of the condition could be imputed to the premises owner). *See also Young v. Wal-Mart Stores Tex., LLC*, No. 05-14-00362-CV, 2015. Plaintiff's own testimony establishes **there was nothing on the floor at the time she fell**.[14] Accordingly, the undisputed evidence establishes that Plaintiff's fall was not caused by any unreasonably dangerous condition. Similarly, Home Depot clearly could not have any knowledge, actual or constructive, of a condition that Plaintiff herself says did not exist. As such, summary judgment should be granted.

    C. <u>**Negligence - There is no Evidence that Home Depot Breached any Duty to the Plaintiff, nor that any such Breach Caused her Injuries**</u>

Even if the Court finds this is a negligence case and not a premises case, the Plaintiff still has not provided sufficient evidence of her negligence cause of action. The elements of a negligence claim are: (1) breach of (2) a legal duty owed to another, and (3) damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Proximate cause requires cause in fact and foreseeability; harm is foreseeable if a person of ordinary intelligence should have anticipated the danger her negligence created for others. *Id*. (*quoting El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex.1987)). Proximate Cause is made up of two elements: cause in fact, and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). The test for cause in fact is: whether the negligent "act or omission was a substantial factor in bringing about the injury," without which the harm would not have occurred. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). Cause in fact is not shown if

---

[14] Exhibit A, pp.44:21-45:3; p.74:7-10.

the Defendant's negligence did no more than furnish a condition which made the injury possible. *Id.* Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act. *Id.* at 478. Recovery on a negligent-activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).   Plaintiff has no evidence of a contemporaneous activity.

### A. **Failing to Keep Such a Look Out as a Person of Ordinary Prudence would have Kept Under Similar Circumstances**

Plaintiff alleges that "failing to keep a lookout" is negligence. Plaintiff claims she does not know if anything was on the floor.[15]  As such, she can not claim that Defendant should keep a proper lockout when she does not even know if there was anything to lookout for.  Plaintiff can not prove the that the lack of lookout was a proximate cause of her injury.

### B. **Failing to keep the Premises Safe**

Plaintiff also alleges that Home Depot failed to keep its premises safe. Setting aside that this allegation in particular is an obvious premises liability claim, there is no evidence that Home Depot failed to keep its premises safe. Plaintiff claims she does not know if anything was on the floor.[16] Plaintiff has no evidence that the premises was not safe and no evidence that Home Depot had knowledge of the allegedly unsafe premises.

### C. **Failing to Warn the Plaintiff or Keep Premises Safe of a Dangerous Condition**

Plaintiff alleges that Home Depot failed to warn her about a dangerous condition. Plaintiff has no evidence that there was a dangerous condition and no evidence that a warning as need. Plaintiff claims she does not know if anything was on the floor.[17] There is no logical way

---

[15] *Id.* at p.45:8-14; 46:2-5; pp.73:23-74:2.
[16] *Id.* at p.45:8-14; 46:2-5; pp.73:23-74:2.
[17] *Id.* at p.45:8-14; 46:2-5; pp.73:23-74:2.

that Home Depot could have warned the Plaintiff about dangerous condition that she remains unable to identify.

### D. Failing to Adequately Repair the Dangerous Condition that Existed on the Premises

Plaintiff alleges that Home Depot failed to repair a dangerous condition on its premises. Plaintiff has no evidence of a dangerous condition. There can be no evidence that Home Depot failed to adequately repair a condition about which it had no knowledge, and Plaintiff also had no knowledge as Plaintiff claims she does not know if anything was on the floor.[18]

### E. Failing to Inspect the Premises Prior to Allowing Customers and Invitees on the Premises

Plaintiff also alleges that Home Depot failed to inspect its premises. There is no evidence that Home Depot failed to inspect its premises or that the lack of inspection was a proximate cause of Plaintiff's alleged injury.

## CONCLUSION

The summary judgment evidence establishes that there was nothing on the ground at the time Plaintiff fell. Thus, there was no dangerous condition. Further, the evidence and the applicable law proves that Defendant owed no duty to Plaintiff to warn her of the alleged dangerous condition that did not exist, and about which Home Depot was unaware. In addition, there is no evidence that a dangerous condition was present or that Home Depot or its employees knew or should have known about that condition. Therefore, Defendant is entitled to summary judgment in this case, that Plaintiff takes nothing from movant, and the case be dismissed with Defendant recovering its costs.

## PRAYER

---

[18] *Id.* at p.45:8-14; 46:2-5; pp.73:23-74:2.

For these reasons, Defendant ask the Court to grant this motion, and sign an Order of Final Summary Judgment in Defendant's favor with costs and for whatever other relief to which it is entitled.

    Respectfully submitted,

**HAWKINS PARNELL & YOUNG LLP**

By: /s/   Troy Helling
    Amy C. Welborn
    State Bar No. 24012853
    awelborn@hpylaw.com
    Troy D. Helling
    State Bar No. 24007340
    thelling@hpylaw.com
    4514 Cole Ave., Suite 500
    Dallas, TX 75205
      -AND-
    2705 Bee Caves Road, Suite 220
    Austin, TX 78746
    512.687.6900
    512.687.6990 Facsimile

**ATTORNEYS FOR DEFENDANT**
**HOME DEPOT U.S.A., INC.**

## CERTIFICATE OF SERVICE

On February 28, 2022, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

Jennifer Clayton
R.E. Lopez & Morales
550 East 15th St., Suite 200
Plano, Texas 75074
**ATTORNEY FOR PLAINTIFF**

    */s/Troy Helling*
    TROY HELLING