IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IDIAN GONZALES, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:21-CV-0440-D |
| | § | |
| VS. | § | |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed slip-and-fall action, plaintiff Idian Gonzales ("Gonzales") sues defendant Home Depot USA, Inc. ("Home Depot") for negligence, and Home Depot moves for summary judgment. For the reasons that follow, the court grants Home Depot's motion and dismisses this action by judgment filed today.

I

The pertinent facts, viewed favorably to Gonzales,[1] are straightforward. Gonzales was shopping in the model-kitchen area of a Home Depot store when she slipped and fell on a concrete floor. When she fell, there were three seated Home Depot employees within five feet of her. A fourth employee approached Gonzales after she fell. Gonzales did not see anything on the floor when she fell; she did not see any water, gravel, rocks, or dirt. In her

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to Gonzales as the nonmovant and draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

own words, she "was just walking by [a] desk and just fell down." P. App. (ECF No. 16) at 16[2] Gonzales did not know how long anything she slipped on had been on the floor, how it got there, or if any Home Depot employee saw anything on the floor. She told her doctor later that she fell "as she was stepping on gravel, or something different, she doesn't know very well why, but she fell down . . . ."[3] *Id.* at 49. Gonzales injured her ankle, lower back, and lower stomach area.

Gonzales sued Home Depot in state court for negligence, alleging that it was negligent for failing to (1) keep look out, (2) keep the premises safe, (3) warn plaintiff that a dangerous condition existed, (4) adequately repair the dangerous condition that existed, and (5) inspect the premises prior to allowing customers and invitees on the premises. Home depot removed the case to this court based on diversity of citizenship.

Home Depot now moves for summary judgment on the grounds that Gonzales' negligence claim is mischaracterized; that any unpleaded premises liability claim fails because there is no evidence of an unreasonably dangerous condition or that Home Depot was aware of that condition; and that, to the extent Gonzales can assert a negligence claim,

---

[2]The court is citing Gonzales' appendix in this manner because the appendix pages are not legibly numbered in the lower, right-hand corner, as N.D. Tex. Civ. R. 56.6(b)(3) requires. The court is therefore citing the appendix pages according to their ECF page number.

[3]Home Depot contends that this evidence is hearsay and may not be considered. The court will assume *arguendo* that this evidence is admissible because, even if the evidence is considered, Gonzales has failed to meet her burden to show that Home Depot had actual or constructive notice of the condition that caused her fall. *See infra* Part V.

there is no evidence of a breach or causation to support that claim. Gonzales opposes the motion. The court is deciding the motion on the briefs.

II

Although neither party challenges the court's subject matter jurisdiction, "the court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.). The court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(h)(3).

The court concludes that it has subject matter jurisdiction based on diversity of citizenship. The parties are completely diverse. And the amount in controversy also exceeds the jurisdictional minimum.

To make the determination concerning the jurisdictional threshold, the court first looks to plaintiff's complaint. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" (quotation omitted)). Here, although Gonzales pleads that the amount in controversy is not more than $74,999.99, the Texas Rules of Civil Procedure contain "no provision . . . permitting a plaintiff to plead for damages [below $75,000, exclusive of interest and costs]."[4] *Ford v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4105965, at *2

---

[4]There is a split among district courts on whether the 2013 amendments to the Texas Rules of Civil Procedure make it so that a plaintiff can plead a specific amount of damages.

- 3 -

(N.D. Tex. Aug. 21, 2014) (Fitzwater, C.J.); *Chavez v. State Farm Lloyds*, 746 Fed. Appx. 337, 341 (5th Cir. 2018) (per curiam) (stating in dicta that "[s]ome state[s] like Texas, though, prohibit plaintiffs from pleading a specific amount of damages."), *abrogated on other grounds by Agredano v. State Farm Lloyds*, 975 F.3d 504 (5th Cir. 2020). Gonzales' allegation therefore is not asserted in good faith and does not control. *Ford*, 2014 WL 4105965, at *2 ("[W]hen, in contravention of state law, a plaintiff specifically alleges that her damages will not exceed the jurisdictional amount, her pleading is not made in good faith . . . ."); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The face of the plaintiff's pleading will not control if made in bad faith.").

The court therefore looks to Home Depot's notice of removal. *Dart Cherokee*, 574 U.S. at 84. Home Depot alleges that the amount in controversy exceeds the sum of $75,000,

---

*E.g.*, *Granados v. Tyco Elecs. Corp.*, 2020 WL 2762866, at *3-4 (W.D. Tex. May 26, 2020) (describing the split, the lack of holding from Fifth Circuit on the issue, and stating that "the Court finds that plaintiffs may plead a specific amount of damages in Texas state court petitions"). To the extent *Granados* and other cases are in tension with this court's precedents—and until the Fifth Circuit or an authoritative Texas state court decision resolves the question—the court will adhere to its precedents and those like it. *See McCauley v. Kroger Co.*, 2020 WL 208816, at *2 (N.D. Tex. Jan. 14, 2020) (Fitzwater, J.) (holding that the Texas Rules of Civil Procedure do not permit a plaintiff to plead a specific amount in controversy); *Chavez v. State Farm Lloyds*, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy '[s]uch manipulation is surely characterized as bad faith.'" (quotation omitted)), *aff'd*, 746 Fed. Appx. 337 (5th Cir. 2018); *Espinoza v. Allstate Tex. Lloyd's*, 222 F.Supp.3d 529, 535 (W.D. Tex. 2016) ("Although the Fifth Circuit has not specifically addressed the amendments, district courts interpreting the current version of Rule 47 have continued to hold that plaintiffs may not plead unliquidated damages in a specific amount." (footnote omitted)).

exclusive of interest and costs. Because Gonzales does not dispute, and the court does not question, this allegation, it controls. *Id.* at 87 ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *Burch v. JPMorgan Chase Bank, N.A.*, 821 Fed. Appx. 390, 391 (5th Cir. 2020) (per curiam) (same).

The court also notes that Home Depot removed this case more than 30 days after being served. But any challenge asserting a defect in the timing of removal has been waived by Gonzales' failure to timely move to remand on this basis. *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993); *Ryan Enterprises LLC v. Indep. Prof'l Hockey, LLC*, 2017 WL 3233015, at *1 (N.D. Tex. July 31, 2017) (Fitzwater, J.).

Accordingly, the court concludes that it has subject matter jurisdiction to decide Home Depot's summary judgment motion.

### III

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence

is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare*, 512 F.Supp.2d at 623. Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little*, 37 F.3d at 1076.

IV

The court turns first to Gonzales' negligence claim. Home Depot is correct that Gonzales' negligence claim fails as a matter of law and that she must recover, if at all, under a premises liability theory. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

A plaintiff injured on another's property can assert either a general negligence claim or a premises liability claim. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) ("[A] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner."); *see also Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) ("We have recognized that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." (footnote omitted)).

When the plaintiff slips on a condition on the floor, her proper claim is a premises liability claim. *See Keetch*, 845 S.W.2d at 264; *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (holding that proper claim was premises liability because "[a]s in *Keetch*, Austin slipped on an oily substance on the floor; while he 'may have been injured by a

condition created by the [condenser unit] spraying,' the 'spraying itself' was not the source of his injury" (second alteration in original) (quotation omitted)). A plaintiff, however, "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197 (emphasis in original).

The court therefore grants Home Depot's summary judgment motion insofar as it seeks dismissal of Gonzales' negligence claim. *See Synodis v. Wal-Mart Stores Tex., LLC*, 2021 WL 4476801, at *2 (N.D. Tex. Sept. 30, 2021) (Fitzwater, J.); *Minjarez v. Wal-Mart Stores, Tex., LLC*, 363 F.Supp.3d 763, 773 (W.D. Tex. 2019).[5]

V

The court now considers Gonzales' premises liability claim.[6]

> To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

---

[5]Gonzales appears to agree that the negligence claim is improper. Indeed, in her response to the summary judgment motion she cites the elements of a premises liability claim and maintains that she has provided more than a scintilla of evidence "in support of her premises liability claim . . . ." P. Resp. at 5.

[6]"Although in her state-court petition [Gonzales] labels her claim against [Home Depot] as a negligence claim, the nature of the factual allegations in ¶¶ 6 through 10 is sufficient to put [Home Depot] on notice that [Gonzales] is seeking relief on a theory of premises liability, albeit mistakenly denominated as a negligence claim." *Synodis*, 2021 WL 4476801, at *2 n.6.

*Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014) (per curiam).

As discussed above, Home Depot disputes, *inter alia*, whether it had actual or constructive knowledge of the condition that caused Gonzales' fall. There are "three methods by which a plaintiff may satisfy the knowledge element in a slip-and-fall case." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). The plaintiff may show that (1) the defendant placed the substance on the floor; (2) the defendant actually knew the substance was on the floor; or (3) the condition existed long enough to give the premises owner a reasonable opportunity to discover the condition. *Id.*

Here, Gonzales has not produced any evidence that would enable a reasonable jury to find that Home Depot either placed the condition there or actually knew it was there. Gonzales testified at her deposition that she did not know whether Home Depot employees knew of, or observed, the condition. And although Gonzales may rely on circumstantial evidence to support an inference of knowledge, *see, e.g.*, *id.* at 358-59, the circumstantial evidence here—such as that Home Depot employees were in the area and may have seen her fall—would not enable a reasonable jury to find that the employees placed the condition there or knew the condition was there. *See id.* at 359 (holding that evidence that employees traversed area where condition was and may have tracked food or water into the area only raised "mere suspicion" employee placed substance on floor); *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should*

- 8 -

have discovered it." (emphasis in original)).

Nor has Gonzales introduced sufficient evidence for a reasonable jury to find that Home Depot had constructive notice of the condition. This is so because she has not produced evidence that would enable a reasonable jury to find how long the condition was on the floor. *See* P. App. (ECF No. 16) at 28 ("Q: And you don't know if — how long anything had been on the floor that you may have slipped on; is that true? A: No. No, neither."); *see Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."); *McCarty*, 864 F.3d at 360 ("[N]o evidence in the summary judgment record addresses the question of whether the alleged condition existed for mere seconds or several hours. Given the absence of any temporal context for the alleged hazard, Hillstone may not be charged with constructive knowledge of the alleged slip risk."); *Foster v. Target Corp.*, 2021 WL 347511, at *4 (N.D. Tex. Feb. 2, 2021) (Boyle, J.) (collecting cases).

\* \* \*

Accordingly, for the reasons explained, the court grants Home Depot's summary judgment motion and dismisses this action by judgment filed today.

**SO ORDERED**.

April 13, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE